314 So.2d 254 (1975)
VENEZIA A., INC. and Venezia C., Inc., Petitioners,
v.
Reubin O'Donovan ASKEW, Governor of the State of Florida, et al., Respondents.
Nos. V-480, V-485.
District Court of Appeal of Florida, First District.
April 24, 1975.
Rehearing Denied July 9, 1975.
*255 George W. Wright, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, and Ronald C. LaFace, Tallahassee, for petitioners.
Robert L. Shevin, Atty. Gen., Kenneth G. Oertel and Ross A. McVoy, Tallahassee, for respondents.
BOYER, Acting Chief Judge.
Petitioners-appellants, plaintiffs below, filed their original complaint which contained two counts. Count I requested a mandatory injunction and just compensation based on the theory of inverse condemnation while Count II sought damages for breach of contract. Ruling on respondents' motion to dismiss, the trial court denied the motion as to Count I but granted it as to Count II on the basis of the doctrine of sovereign immunity. Unsure of the method of review, petitioners have filed a notice of direct appeal and a petition for writ of certiorari in response to the trial court's order dismissing Count II of their complaint. Petitioners assert that review is permissible by either of the two aforesaid methods of review or by interlocutory appeal.
We first examine the characteristics of certiorari to determine if that extraordinary writ is applicable sub judice. As applied, certiorari is available only in exceptional circumstances. In Huie v. State, Sup.Ct.Fla. 1957, 92 So.2d 264, the Supreme Court set out the general guidelines to be followed in applying certiorari:
"Our consistent position has been that it is only in a case where it clearly appears that there has been a departure from the essential requirements of the law and in addition thereto that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner in certiorari that we will ever consider granting a writ of certiorari to review an interlocutory order in a law action." (92 So.2d at page 269)
Our reading of the record has revealed no clear "departure from the essential requirements of the law" in this case. To the contrary, petitioners' sole objection to the order of the lower court concerns a close legal question: Whether the Trustees of the Internal Improvement Fund come under the doctrine of sovereign immunity. Thus, review of the challenged order by certiorari would be improper.
Petitioners next argue that the lower court order may be appealed as an interlocutory order. Interlocutory appeals are governed by Rule 4.2, FAR. Petitioners assert that the order appealed from may be reviewed pursuant to Rule 4.2(a).[1] Conceding that the lower court order dismissed Count II which sought damages for breach of contract and was therefore a purely legal action, petitioners nevertheless argue that since Count I contained subject matter and sought relief "such as formerly were cognizable in equity", review by interlocutory appeal is proper because once equity jurisdiction has attached, it is retained for all purposes. (Lehmann v. King's, Inc., Fla.App.2d 1965, 181 So.2d 228) However, in the Lehmann case, the action brought by the plaintiff was in equity alone, and the order appealed from was an order dismissing *256 one of the two counterclaims raised by the defendants, which were both legal in nature. More closely analogous to, and dispositive of, the issue presently under consideration is this Court's decision in Ford v. West Florida Enterprises of Pensacola, Inc., Fla.App.1st 1968, 210 So.2d 723, wherein this Court stated:
"Notwithstanding that the most recent revision of the Florida Rules of Civil Procedure has abolished the distinction between actions at law and in equity, Florida Appellate Rule 4.2, subd. a continues to provide that interlocutory orders in actions at law may be appealed only where such interlocutory orders relate to venue or jurisdiction over the person.
"In the case at bar, it is true that the first count in plaintiff's complaint asserts a matter cognizable in equity; however, the order sought to be reviewed herein does not relate to said equitable count. It relates instead to the second count sounding in law and thus falls outside the class of interlocutory orders which may be reviewed by this court in conformance with Florida Appellate Rule 4.2, subd. a." (210 So.2d at page 723)
We are therefore, unable to review the challenged order by interlocutory appeal.
Finally, petitioners claim that the lower court order is a final order reviewable by direct appeal. Petitioners recognize the general rule in Florida that a dismissal of one or more, but not all, of a multi-count complaint is not a final order or judgment from which a full appeal can be taken. (See Raphael v. Carner, Fla. App.4th 1967, 194 So.2d 298) The Florida Supreme Court has recently recognized a major exception to the general rule in Mendez v. West Flagler Family Association, Inc., Sup.Ct.Fla. 1974, 303 So.2d 1. A detailed analysis of the Mendez case will be helpful in arriving at a decision in the case sub judice. The Mendez complaint contained three counts: Counts I and II charged breaches of contract under a policy of hospital insurance against defendants Family Association and Seaboard Life Insurance Company, respectively. Count III alleged fraud, illegality, a conspiracy to engage in fraud, etc., on the part of both defendants with respect to the issuance of the policy of hospital insurance.
Based on the preceding factual situation, the court opined:
"We adhere to the rule that piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.
"Here the third count sounded in tort and not in contract. It was treated separately and disposed of by the trial court without regard to the two breach of contract claims, which breaches had nothing to do with the alleged swindle in the original issuance of the policy. Different facts and fields of law relating to the alleged liability were apparent from the complaint and the trial court treated the third count claim in a different category from the other two. The judicial labor at the trial court level had ended thereon completely without delay." (303 So.2d at page 5; emphasis added)
Although Counts I and II of petitioners' complaint herein involved different questions of law, they are concerned with the same set of facts. Specifically, both counts of the complaint revolve around the allegation that the respondents harmed the petitioners by denying petitioners' application for a permit to fill land owned by them. Count I asserts that the denial of the application "has completely and totally destroyed and deprived the Plaintiffs of any and all rights of utilization and exercise *257 of its aforesaid interest and rights in and to the subject lands" while Count II asserts that the denial of the application amounts to a breach of contract. Because both counts involve the same factual circumstances, review by direct appeal is also improper under the rationale of the Mendez case.
Remanded for further proceedings consistent herewith.
It is so ordered.
JOHNSON, J., and STURGIS, WALLACE E., Jr., Associate Judge, concur.
NOTES
[1] "Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions that, from the subject matter or relief sought, are such as formerly were cognizable in equity ..."