SMITH, Judge.
The Shealys appeal from an order designated “final summary judgment” entered in favor of appellees Clark and Auto-Owners, one of Clark’s liability insurers, on the Shealys’ cross-claim for indemnity in the amount of any damages the Shealys may be called on to pay to the Rountrees, plaintiffs in this action for personal injuries.
William Rountree was injured at the Shealys’ service station when one of the exterior doors was opened outward over a four inch drop to the sidewalk where Rountree was standing. The sharp lower edge of the door cut Rountree’s Achilles’ tendon just above the shoe on his right foot. The Rountrees’ third amended complaint asserts claims against the Shealys, for negligence in maintaining the allegedly dangerous entryway, and Clark, for negligence in designing and building the entryway some years earlier. The Shealys, asserting that any active negligence was Clark’s and that they were at most passively negligent, cross-claimed for indemnity on the theory recognized in Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla.App. 1st, 1963) and Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla.App. 2nd, 1969).
With the Rountrees’ claim against all defendants as yet untried, the trial court ruled that the prospective liability of the Shealys to the plaintiffs would not result from merely passive negligence but rather from their active negligence concurring with Clark’s negligence, if any, in producing Rountree’s injury. Accordingly, the trial court ruled that, in the event of a verdict for the plaintiffs, no indemnity would be due from Clark, one of the alleged joint tortfeasors, to the Shealys. The Shealys seek by this appeal to establish that any negligence on their part is only passive, compared with Clark’s active negligence, and consequently that the Shea-lys are entitled to indemnity from Clark for any amounts they may be eventually *13 required to pay the Rountrees. The law as it existed when the matter was before the lower court- permitted neither contribution among joint tortfeasors nor proportionate allocation of plaintiffs’ damages between the defendants. Travelers Ins. Co. v. Bal-linger, 312 So.2d 249 (Fla.App. 1st, 1975).
The trial court’s “final summary judgment” was entered in November 1974, several months before the Supreme Court’s decision in Lincenberg v. Issen, 318 So.2d 386 (opinion filed July 30, 1975, rehearing denied October 8, 1975), and the enactment of Ch. 75-108, Fla.Laws 1975, the Uniform Contribution among Tortfeasors Act, made applicable to this case by § 4 thereof.
At oral argument we questioned whether the order from which this appeal was taken is in fact a final judgment. Counsel for the parties, no doubt mindful of the effort and expense they, their clients and the courts have already committed to the prosecution of this appeal, regard the trial court’s order as final and appealable and they urge us to do the same. We have concluded, however, that the order was interlocutory. The Roun-trees’ claim against both the Shealys and Clark is still pending and untried. The order eliminates no parties and it does not materially affect the necessity for a trial. It simply eliminates, as between the Shea-lys and Clark, certain issues which cannot arise until a verdict for the Rountrees has been returned, which may never occur. The indemnity claim by the Shealys against Clark is so interrelated' with the principal claim remaining to be tried that the appealed matter cannot be regarded as a distinct, and severable cause of action the disposition of which is appealable. This plenary appeal is therefore inappropriate. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Meadows v. Ward, 306 So. 2d 179 (Fla.App. 2nd, 1975).
The order appealed from is one “granting partial summary judgment on liability.” It is therefore reviewable by interlocutory appeal pursuant to Rule 4.2, F. A.R. Compare DeWitt v. Seaboard Coast Line R.R. Co., 268 So.2d 177 (Fla.App. 2nd, 1972). While we may treat the case as having been properly brought here by interlocutory appeal [Crepaldi v. Wagner, 128 So.2d 759 (Fla.App. 1st, 1961)], the case would gain nothing by our doing so. No decision we could make would eliminate the necessity for a trial on plaintiffs’ claim against both the Shealys and Clark and their respective insurers. Because the responsibilities of the Shealys and Clark inter se and to the plaintiffs must be reevaluated in the light of Lincenberg and Ch. 75-108, Fla.Laws 1975, it is preferable that the trial court do so initially, upon the full record that the trial will afford.
Good lawyers face a dilemma when contemplating a trial court order which is marginally final and appealable. To appeal may be futile and expensive, yet to withhold appeal can be disastrous. E. g., Conboy v. City of Naples, 226 So.2d 108 (Fla.App.2nd, 1969). There are available means for salvaging the value of the time and effort we and counsel have devoted to a plenary appeal from a nonappealable interlocutory order. In this case one such means, as we have said, would be to treat the case as having been- perfected by interlocutory appeal. Another is to review the case as on petition for common law writ of certiorari. Stuart v. Hertz Corp., 302 So. 2d 187 (Fla.App. 4th, 1974); Beta Eta House Corp. v. Gregory, 230 So.2d 495 (Fla.App. 1st, 1970). There is precedent for rendering an informal advisory opinion in the course of dismissing the appeal. See 9 Moore, Federal Practice, para. 110.-07, at 110, note 16 (2d ed. 1948). We abstain from these measures in this case only because we cannot thereby speed the disposition of the case nor prevent unnecessary labor in the court below.
Appeal dismissed.
BOYER, C. J., and McCORD, J., concur.