381 So.2d 753 (1980)
James AGRIESTI, Appellant,
v.
CLEVETRUST REALTY INVESTORS et al., Appellees.
No. 79-742.
District Court of Appeal of Florida, Fourth District.
April 2, 1980.
William Robert Leonard, of Coleman, Leonard & Morrison, Fort Lauderdale, for appellant.
Maurice M. Garcia of Abrams, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellees.
DOWNEY, Chief Judge.
Appellant seeks review by plenary appeal of an alleged final order dismissing Counts I and II of his counterclaim.
We perceived an apparent lack of jurisdiction and requested counsel to file supplemental briefs addressing the jurisdiction question. In their supplemental briefs both counsel suggest that the order in question is final and appealable and entreat this court not to dismiss the appeal because this case has been pending in the trial court for an interminable period. We are quite sympathetic to counsel's entreaty and would comply therewith and consider the merits of the appeal were it within our power to do so. However, we remain convinced that the order is not appealable, as the following brief description of this litigation demonstrates.
Appellees sued appellant and others to foreclose a mortgage on a large condominium complex. Appellant, as one of the defendants owning a condominium unit, filed a multi-count counterclaim asserting facts which appellant contended should make appellee's mortgage unenforceable against appellant's unit. Counts I and II of the counterclaim seek to avoid appellee's mortgage lien via constructive or resulting trust theories or a third party beneficiary theory. As appellant phrases it in his brief:
By way of explanation then, AGRIESTI has attempted, in answering the foreclosure complaint instituted against him as the party in possession, to assert a counterclaim based upon theories of constructive trust, resulting trust, third-party beneficiary law of contracts and a declaratory judgment. Each of these vehicles has been instituted in an attempt to gain, as relief for AGRIESTI, a discharge of the mortgage as to the unit for which he has paid, a warranty deed, and whatever other documents may be necessary to fully and completely vest his title of record as the successor of BARTH, the developer, and CLEVETRUST, the financial institution whose funds were placed at risk in this development.
In S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974), the Supreme Court said that:
Piecemeal appeals will not be permitted where claims are interrelated and involve *754 the same transaction and the same parties remain in the suit. However, it may occur that a distinct and severable branch of the controversy, cause of action, may be adjudicated by order of the trial court which would be appealable. 304 So.2d at 99.
The rule precluding an appeal unless the order involved disposes of certain issues or causes in the case is relaxed:
where the judgment, order or decree adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court. 304 So.2d at 99
The issues involved in the complaint and counterclaim are clearly interrelated; they involve the same transaction; and the parties on appeal remain parties to the litigation in the trial court.
Enticing as it may be to reach the merits of this appeal we do not have jurisdiction and thus are helpless to do so. Accordingly, the appeal must be dismissed.
APPEAL DISMISSED.
ANSTEAD and MOORE, JJ., concur.