384 So.2d 701 (1980)
Blanche Harris KINGSLAND, Trustee, Appellant,
v.
NATIONAL ADVERTISING COMPANY, a Subsidiary of 3M Company, Appellee.
No. 78-2471/T4-295.
District Court of Appeal of Florida, Fifth District.
May 28, 1980.
*702 William L. Coalson of Greene & Greene, P.A., Jacksonville, and Swann, Swann & Haddock, P.A., Orlando, for appellant.
William D. Rowland, Winter Park, for appellee.
ORFINGER, Judge.
At oral argument the jurisdiction of the court to entertain this appeal was raised sua sponte. Appellant filed a one count complaint for compensatory and punitive damages as a result of an alleged trespass by appellee. The trial court entered an order granting appellee a partial summary judgment on the claim for punitive damages, and appellant filed a notice of appeal, claiming this to be a final order.
If the order appealed from is a non-final order, it is not appealable under our current rules. Rule 9.130, Florida Rules of Appellate Procedure, permits an appeal from a non-final order which determines the issue of liability in favor of a party seeking affirmative relief. Here, the order was against such party. So we have jurisdiction only if this is a final order.
We should note first that the order appealed from is not a partial final judgment, but only an order granting defendant's motion for partial final judgment. As such, it is not an appealable final judgment. McCready v. Villas Apartments, 379 So.2d 719 (Fla. 5th DCA 1980). But even if we treat it as a partial final judgment, it is not appealable under the decisions of the Supreme Court of Florida and the other district courts which have considered the problem. Piecemeal appeals are not permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974). It is apparent from the single count complaint that the claims for compensatory and punitive damages arise out of the same set of facts, but even had this complaint been framed in separate counts, the result would be the same here, since an order dismissing one of several counts all arising out of the same factual circumstances is not an appealable final order. McClain Construction Corporation v. C.S. Roberts, et al., 351 So.2d 399 (Fla. 2d DCA 1977); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975); Agriesti v. Clevetrust Realty Investors, 381 So.2d 753, (Fla. 4th DCA 1980). Only in those cases where the judgment adjudicates a distinct and severable cause of action is the action of the court final as to that count so as to support an appeal. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
Appellant responds to our query on jurisdiction and cites Pointer Oil Company v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA, 1974); Allstate Insurance Company v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976); and Atlantic National Bank of Jacksonville v. Modular Age, Inc., 363 So.2d 1152 (Fla. 1st DCA 1978) in support of the appealability of the order, but these cases are all distinguishable. In Pointer, a partial money judgment was entered against defendant, and although the district court held that it was premature, it was final in form and would not have been appealable later. In Allstate, the court accepted common *703 law certiorari on a discovery issue, and having jurisdiction then decided all matters before it. Kennedy v. Kennedy, 303 So.2d 629 (Fla. 1974). In Atlantic National Bank, the trial court had entered partial summary judgment in favor of certain parties (but not all) and as to those parties the action was final and complete.
This is clearly a non-final order. Under the old appellate rules, an interlocutory appeal could be taken from an order granting a partial summary judgment on liability in civil matters (Rule 4.2, Florida Appellate Rules, 1962) but the current rules do not permit it now, except under the limited provisions of Rule 9.130(a)(3)(c)(iv), so the appeal must be dismissed.
APPEAL DISMISSED.
DAUKSCH, C.J., and CROSS, J., concur.