ON MOTION TO DISMISS APPEAL
SHARP, Judge.
The plaintiff, Frances L. Robertson, appeals the final judgment of the trial court dismissing those counts of the complaint which sought to establish punitive damages against the defendant. Still remaining for trial are counts relating to compensatory damages. The defendants move to dismiss the appeal because the judgment is not a final order reviewable under Rule 9.030(b)(1)(A), Florida Rules of Appellate Procedure. We agree and accordingly dismiss this appeal.
This court lacks jurisdiction to review interlocutory orders unless the order sought to be appealed falls within one of the categories listed in Florida Rules of Appellate Procedure 9.130(a)(3). Denial of punitive damages prior to trial of the compensatory damage counts is not an appeala-ble interlocutory matter under this Rule.
The plaintiff relies upon Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). The Florida Supreme Court held that the trial court’s granting of a final summary judgment against the plaintiff on counts alleging fraud was ap-pealable as a “final order” even though left for trial were counts relating to a breach of contract. The court noted its policy against “piece-meal appeals” but allowed the appeal in this instance because the fraud and contract claims were separate and distinct causes of action. In this case the claim for compensatory and punitive damages are legally interrelated and involve the same transaction. An action for punitive damages cannot be maintained independently of an action for compensatory damages. American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980). We do not have jurisdiction to consider this appeal. Kingsland v. National Advertising Co., 384 So.2d 701 (Fla. 5th DCA 1980).
DISMISSED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.