390 So.2d 74 (1980)
NORTH INDIALANTIC HOMEOWNERS ASSOCIATION, INC., a Florida Corporation, Hoyland M. Simison, and Barbara Bednar, Appellants,
v.
Charles B. BOGUE, Alfred Seegers and Mary Seegers, His Wife, Frank W. Griffith and Stanford Wells Griffith, Appellees.
No. 80-62.
District Court of Appeal of Florida, Fifth District.
October 8, 1980.
*75 Burton J. Green, Cocoa Beach, for appellants.
Joseph S. Gillin, Jr., Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellee Bogue.

ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
Appellant's amended complaint consisted of two counts. The first count alleged that a six foot walkway extending from State Road A1A to the Atlantic Ocean beach had been dedicated to public use on the plat where it is shown, and that the dedication had been accepted and not revoked or abandoned. Count II, relying on the same basic facts, alleges that even if the dedication of the walkway was not accomplished, plaintiffs and other property owners in the subject subdivision have continuously and without interruption used the walkway for more than 20 years predicated on their belief that they had a legal right to use said walkway under the terms of the dedication.
On motion, the trial court dismissed with prejudice Count I and those portions of Count II based on theory of dedication and plaintiff appealed that order. Appellee moves to dismiss the appeal on the ground that the order appealed from is non-final and is not within the category of appealable non-final orders described in Rule 9.130(a) Florida Rules of Appellate Procedure. Appellant agrees that the instant order cannot be appealed as a non-final order, but contends that it is a final order and appealable as such.
Piecemeal appeals are not permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974). An order dismissing one of several counts all arising out of the same factual circumstances is not an appealable final order. Kingsland v. National Advertising Company, 384 So.2d 701 (Fla. 5th DCA 1980). The only exception to this rule is found where the count dismissed constitutes a separate and distinct cause of action which is not interdependent with other pleaded claims. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
Although the count dismissed here is based on a different legal theory than is the count which remains, it is based on the same factual background, and as such is not the type of appealable final order within the principles of Mendez, supra. The issues involved in both counts are clearly interrelated, they involve the same basic factual situation and the parties are the same. Under these circumstances, the order dismissing one count is not a final order and is not appealable. Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (1976); Agriesti v. Clevetrust Realty Investors, 381 So.2d 753 (Fla. 4th DCA 1980).
Appeal DISMISSED, without prejudice to an appeal following final judgment.
DAUKSCH, C.J., and SHARP, J., concur.