392 So.2d 583 (1980)
Paul D. FINNEY, Appellant,
v.
WONDER DEVELOPMENT CORPORATION et al., Appellees.
No. 79-8.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
Rehearing Denied January 20, 1981.
Henry J. Martocci, Cocoa, for appellant.
Lloyd Campbell, Cocoa, for appellee First Federal Savings and Loan Association of Cocoa.
Paul M. Goldman of Spielvogel & Goldman, P.A., Merritt Island, for appellee The American Bank of Merritt Island.
Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso, Mosley, Scott & Kabboord, P.A., Cocoa Beach, for appellees.
*584 ORFINGER, Judge.
Appellant seeks review of a non-final order granting appellees' motion to discharge a lis pendens and dismissing three counts of a five-count complaint.
The granting of a motion to discharge a lis pendens is not among those non-final orders from which an appeal will lie,[1] but we may consider the appeal as a petition for common law certiorari.[2] To succeed, appellant must show that the trial court departed from the essential requirements of law, and this he has not done.
The same principle applies to the dismissal of the first three counts of the complaint. Unless they constitute separate and distinct causes of action not interdependent with other pleaded claims,[3] they may not be appealed in a piecemeal fashion, but must await the entry of a final judgment on the remaining counts. North Indialantic Homeowners Association, Inc., v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980); Kingsland v. National Advertising Co., 384 So.2d 701 (Fla. 5th DCA 1980). The dismissed counts are interdependent with the counts that remain and cannot be appealed until after final judgment.
Certiorari is denied as to the discharge of the lis pendens and the appeal of the order dismissing Counts I, II and III is dismissed without prejudice to an appeal following final judgment.
Certiorari DENIED, appeal DISMISSED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Rule 9.130, Fla.R.App.P. (1977).
[2] Rule 9.040(c), Fla.R.App.P. (1977).
[3] Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).