399 So.2d 427 (1981)
Darwin L. FETTERS, et ux, Appellants/Cross-Appellees,
v.
UNITED STATES FIRE INSURANCE COMPANY, a New Jersey Corporation, Appellee/Cross-Appellant.
No. 80-289.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
Anthony I. Provitola, DeLand, for appellants/cross-appellees.
*428 James W. Markel and Leslie King O'Neal of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellee/cross-appellant.
COWART, Judge.
Appellant Darwin L. Fetters, a resident of Florida, was driving one of his employer's trucks in Alabama when he was injured in a collision with an uninsured motorist. Fetters brought this action against his employer's insurer, appellee United States Fire Insurance Company, on the uninsured motorist coverage provision of a policy covering the employer's fleet of trucks. Appellee insurer denied the circumstances of the Alabama accident and counterclaimed for a declaratory judgment as to whether the claim was governed by the law of Alabama or Florida and as to the maximum policy limit provision applicable to appellee's claim. From an order holding the law of Alabama applied, Fetters appeals and, from a ruling that the applicable uninsured motorist coverage limit was $250,000 rather than $10,000, the insurer cross-appeals.
An order, to be appealable as final, must constitute an end to the judicial labor in the cause and there must remain nothing further to be done by the court to effect a termination of the cause as between the parties directly affected. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). There is an exception where an order finally adjudicates a separate and distinct cause of action which is not interdependent with other claims yet to be resolved. Id. at 99; Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
Although the order here decides two issues and completely adjudicates the insurer's counterclaim, that issue of coverage is not separate and distinct from Fetters' claim on the policy but is an inseparable part of it. Fetters' basic claim has not yet been adjudicated. In similar cases such orders have been held to be non-final and non-appealable. Brannon v. Johnston, 83 So.2d 779 (Fla. 1955) (order finding the defendant negligent and leaving only the issue of damages to be tried was not appealable); Hyde v. Maine, 324 So.2d 689 (Fla. 2d DCA 1975) (pre-trial order determining limits of liability coverage non-appealable); Shealy v. Clark Construction Company of Ocala, Inc., 323 So.2d 11 (Fla. 1st DCA 1975) (order denying cross-claim for indemnity between co-defendants was non-final).
The appeal is therefore sua sponte
DISMISSED.
ORFINGER and SHARP, JJ., concur.