417 So.2d 1135 (1982)
ONE THOUSAND OAKS, INC., Appellant,
v.
DADE SAVINGS & LOAN ASSOCIATION, Appellee.
No. 81-1418.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
R.L. Russell of van den Berg, Gay & Burke, P.A., Orlando, for appellant.
Bruce B. Blackwell of Peed & King, P.A., Orlando, for appellee.
COWART, Judge.
Appellant, a condominium association, brought a six count complaint against appellee, *1136 the condominium developer. Upon motion the trial judge first dismissed counts IV, V and VI of the complaint with leave to amend. After amendment appellee's motion to dismiss the same counts of the amended complaint was "granted with prejudice." Finally, the trial court entered a "final judgment" for appellee and against appellant as to those counts from which appellant appeals.
Apparently the trial court correctly recognized that the granting of a motion to dismiss, even "with prejudice" is not a final appealable order and attempted to finalize the judicial labor in the trial court on this aspect of the case by entry of the final judgment appealed. However, the "final judgment" is still not a "final" order or judgment for appeal purposes because all counts in the complaint were but different theories of recovery for the same alleged defects in construction of the condominium units and are not "distinct and severable" from each other or from the undismissed counts which remain pending before the trial court. An order dismissing one or more, but not all, counts of a multi-count complaint relating to the same transaction, condition or occurrence, where the dismissed claims for relief are not "distinct and severable" and no defendant is finally dismissed as a party to the cause, is not a final order for appeal under Florida Rule of Appellate Procedure 9.110 nor does such an order of dismissal constitute a non-final order appealable under Florida Rule of Appellate Procedure 9.130. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Fetters v. United States Fire Insurance Co., 399 So.2d 427 (Fla. 5th DCA 1981); Finney v. Wonder Development Corp., 392 So.2d 583 (Fla. 5th DCA 1980); North Indialantic Homeowners Association, Inc. v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980); Robertson v. Florida Rock & Tank Lines, Inc., 385 So.2d 138 (Fla. 5th DCA 1980); Kingsland v. Nat'l Adv. Co., 384 So.2d 701 (Fla. 5th DCA 1980); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975).
DISMISSED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.