*1207 ON MOTION TO DISMISS — GRANTED
PER CURIAM.
Harold Hickey, as Personal Representative of the Estate of Olympia Pedraz, appeals from two orders granting with prejudice A.D.M.E. Investment Partners, Ltd. (A.D.M.E.) and Gem Operations, Inc.’s (Gem Operations) motions to dismiss count I of Hickey’s six-count amended complaint. Counts I and II, the only two claims directed at both A.D.M.E. and Gem Operations, seek damages for the nursing home’s treatment of Olympia Pedraz, the decedent, and her resulting injuries, based on separate legal theories, namely, statutory liability under Chapter 400 of the Florida Statutes and negligence.
We lack jurisdiction to entertain this consolidated appeal. The orders under review merely grant the motions to dismiss one of the counts against A.D.M.E. and Gem Operations. As such, the orders are not final for purposes of appeal, nor do they constitute non-final orders subject to interlocutory review under rule 9.130, Florida Rules of Appellate Procedure. One Thousand Oaks, Inc. v. Dade Sav. & Loan Ass’n, 417 So.2d 1135, 1136 (Fla. 5th DCA 1982).
Hickey has requested that, in the alternative, we treat the appeal as a petition for certiorari. However, we do not find cer-tiorari review to be appropriate here since Hickey has an adequate remedy by appeal and is not irreparably injured by the orders under review.
Accordingly, the motion to dismiss the appeal is granted without prejudice to Hickey’s right to seek appellate review at the conclusion of the case.
Dismissed.