ON PETITION FOR WRIT OF CERTIORARI
COWART, Judge.
Two actions, one against a city alleging injuries resulting from the negligent maintenance of a sidewalk, and the other by the same plaintiff against a doctor and hospital alleging injuries resulting from negligent treatment of the injuries received as a result of the city’s negligence, were consolidated for purposes of discovery. The city filed a third party claim against the doctor and hospital (health care providers) for equitable subrogation which the health care providers moved to strike. The trial court struck the third party claim. The city petitions this court for a writ of certiorari alleging that in the interest of judicial economy the third party claim should be allowed.
In this case the city as initial tortfeasor may be held liable for the negligent acts of the subsequent tortfeasors as the city's negligence would be viewed as the proximate cause of the damages flowing from the subsequent negligent acts of the health care providers. See Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977). The main question is whether the city’s action against the subsequent tortfeasors is appropriate as a third party claim, or whether the city should file a separate action after judgment against it has been rendered.
Although the traditional rules of subro-gation support the view that the right to subrogation does not exist until an entire obligation has been discharged, this court recognized that the supreme court opinion[1] which introduced the concept of “equitable subrogation” between an initial tortfeasor and subsequent tortfeasors broke new ground, and noted that the supreme court did not hold that the filing of two successive actions was the sole and only way in which the remedy of equitable subrogation could be achieved. See Munson and Assoc., Inc. v. Doctors Mercy Hospital, 458 So.2d 789 (Fla. 5th DCA 1984).
Here the plaintiff has chosen to sue both the alleged initial tortfeasor and the alleged subsequent tortfeasors. The two cases have thus far been consolidated only for discovery. Although the plaintiff may be entitled to a judgment against the city for all damages resulting from both injuries, the plaintiff is entitled to a judgment against the health care providers only for damages resulting from their negligence, if it is possible to apportion the damages resulting from the alleged subsequent injuries.[2] The city’s subrogation claim will necessitate an apportionment of damages re- *289 suiting from both negligence claims. If the plaintiffs claim against the city for the alleged initial injury and the plaintiffs claim against the health care providers for the alleged subsequent injury were consolidated for trial, it would, as the city argues, promote judicial economy to allow the city’s subrogation claim to be presented as a third party claim and to let the one jury determine fault, liability and damages as to both negligence claims and to apportion the damages as to liability on the negligence claims and the subrogation claim. However, the two cases have not been consolidated for trial nor has that matter been presented to or ruled on by the trial judge. Therefore, at this time and this posture of the case, the order striking the city’s third party claim does not depart from the essential requirements of law and we deny the writ of certiorari.
PETITION FOR WRIT OF CERTIORA-RI DENIED.
ORFINGER and SHARP, JJ., concur.

. See Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla.1980).

. See Pohl v. Witcher, 477 So.2d 1015 (Fla. 1st DCA 1985).