PER CURIAM.
This is a consolidated appeal, i.e., a plenary appeal and a non-final appeal from the same judgment, wherein the trial court granted a final summary judgment as to Count I of a multi-count complaint. We hold the judgment appealed from is a final *1092 judgment. Nevertheless, we also hold that the judgment is not appealable because Count I is not a cause of action unrelated to the other counts of the complaint, but is, in fact, interrelated with them so as to preclude appellate review at this time. Because both parties contend jurisdiction exists, we have very carefully considered the jurisdictional question and remain convinced that we do not presently have jurisdiction to consider the matter.
On March 16, 1988, appellees filed a five-count complaint against appellants. The complaint commences with a section styled “General Allegations,” in which the factual scenario giving rise to the litigation is stated according to the views and beliefs of the plaintiffs. Count I for Declaratory and Injunctive Relief follows, in which appel-lees allege they are in need of a declaration of their rights in view of the alleged actions of the appellants in amending the Declaration of Covenants and Restrictions of the appellant association by repealing the amendment to the declaration, dated December 2, 1977. They prayed for an injunction to vacate the amendment and to require the filing in the public records of a document reflecting that action. Count II alleged that the Declaration of Covenants and Restrictions, as well as the by-laws of the association, constituted a contract binding upon the association and all of its members. Regardless of that contract, it is alleged that appellants breached that contract by instigating and effecting passage of the aforesaid amendment to the Declaration. Compensatory and punitive damages were prayed for. Count III alleged a breach of the fiduciary duty imposed upon appellants by the passage of said amendment. Count IV contends the recording of the amendment in question in the public records slandered the title to the appellees’ property and appellees requested damages therefor. Count V alleges a conspiracy by the defendants to breach the Declaration and by-laws for the purpose of injuring the appellees and their business activities and a prayer for damages.
Appellees filed a motion for summary judgment as to Count I, which, after argument of counsel, was granted and judgment entered thereon adverse to appellants. Prior to oral argument we requested the parties to file supplemental briefs or memoranda speaking to the appealability of the judgment. In their responses both parties state the judgment is appealable as a final judgment because Count I is a separate and distinct cause of action unrelated to the remaining counts of the complaint. However, in view of the fact that the case has progressed to its present stage, we are most reluctant to dismiss it if it is at all possible to avoid it. Nevertheless, we are dealing with jurisdiction which we either have or we do not have. And from our careful study of the record we are convinced that the judgment is not now appeal-able and, thus, we do not have jurisdiction. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974); S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974).
Every count of the complaint deals with the notorious amendment of January 12, 1987, which the plaintiffs contended the association passed in a fashion that violates the notice and quorum requirements of the by-laws and declaration. Count I requests a declaration of appellees’ rights thereunder in view of the conduct and actions of the association and its officers and directors; Count II charges the same conduct constitutes a breach of contract; Count III charges the conduct and actions of the defendants were a breach of fiduciary duty; Count IV alleges the same conduct and recordation of the appellees’ action slandered their title; and finally, appel-lees charge appellants with a conspiracy to effect the passage of the amendment to injure the appellees.
In their supplemental briefs filed in response to our request noted above, appel-lees refer to various amendments other than the first and second amendments to the Declaration of Covenants and Restrictions and to other events and happenings occuring after the filing of the original complaint of March 16, 1988, to which the motion for summary judgment was directed. As we understand the issues presented in this proceeding, they relate only to the *1093 first and second amendments to the Declaration and the actions taken by the appellants in their passage and implementation.
We, therefore, hold that this appeal is dismissed for lack of jurisdiction.
DOWNEY, ANSTEAD and LETTS, JJ, concur.