590 So.2d 1098 (1991)
Robert H. WELCH, Appellant,
v.
RESOLUTION TRUST CORPORATION, Etc., Appellee.
Nos. 91-367, 91-803.
District Court of Appeal of Florida, Fifth District.
December 27, 1991.
*1099 William L. Eagan and Robert A. White of Arnold, Mathene & Eagan, P.A., Orlando, for appellant.
Alan C. Aksell and Randolph J. Rush of Anderson & Rush, Orlando, for appellee.
HARRIS, Judge.
This action was originally filed by Resolution Trust Corp. (now AmeriFirst) against Spanish Oaks, Welch, Spanish Oaks Properties, Inc., and the Kite-Powells to foreclose a first mortgage. Welch filed a five-count counterclaim. The trial court entered summary final judgment on Counts I and III of the counterclaim and dismissed Counts II, IV and V with leave to amend.
Rule 9.110, Florida Rules of Appellate Procedure, authorizes review of final orders of lower tribunals. The traditional test for a final order is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for the execution or enforcement of the decree if necessary. Blount v. Hansen, 116 So.2d 250 (Fla. 2d DCA 1959).
Rule 9.130 governs review of interlocutory orders: (1) orders concerning venue, (2) orders granting, continuing, modifying, denying or dissolving injunctions, or (3) orders determining jurisdiction of the person, right to immediate possession of property, right to immediate monetary relief or child custody, liability in favor of a party seeking affirmative relief, or whether a party is entitled to arbitration.
An order granting a motion to dismiss without prejudice is not an appealable final or non-final order. EIR, Inc. v. Electronic Molding Corp., 540 So.2d 260 (Fla. 5th DCA 1989); see also Scott v. Waste Management Inc. of Florida, 537 So.2d 686 (Fla. 4th DCA 1989). A final summary judgment entered on one count of a multi-count complaint is not appealable where interrelated counts remain. Boca Grande Property Owners Ass'n, Inc. v. Boca Development Associates, Inc., 570 So.2d 1091 (Fla. 4th DCA 1990); see also North Indiatlantic Homeowners Assoc. v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980) (piecemeal appeals are not permitted where the claims are interrelated and involve the same transaction and the same parties).
DISMISS.
GOSHORN, C.J., and DAUKSCH, J., concur.