708 So.2d 1025 (1998)
Chester E. LEMON, et al., Appellants,
v.
Keith L. GRONINGER, etc., Appellee.
No. 98-289.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
*1026 David F. Tegeler of Mateer & Harbert, P.A., Orlando, for Appellants.
No Appearance for Appellee.
W. SHARP, Judge.
We issued, sua sponte, an order to show cause as to why this appeal should not be dismissed because the orders appealed from were nonfinal orders. Appellants replied, claiming the orders were final orders under Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.110(k). We disagree and dismiss.
The Lemons, appellants, hired Groninger to build a custom home for them at a purchase price of $1.2 million. Groninger is a builder doing business as a corporation. A dispute arose between the parties, which resulted in each party suing the other. During the lawsuit, Groninger brought a motion to determine the proper party. i.e., that the corporation was the general contractor and not Groninger individually. The trial court granted this motion and issued a partial summary judgment order on December 27, 1997. The trial court issued a second order on January 5, 1998,[1] in which the court stated:
It shall be the ruling of these consolidated cases numbered ... that the General Contractor, for all purposes in this litigation, was SOUTH-GRONINGER HOMES, INC. a/k/a K. GRONINGER HOMES, INC., and NOT KEITH GRONINGER, an individual.
The lower court's ruling removes Groninger, in his individual capacity, from any and all counts brought against the general contractor, because it determines that the corporate entity is the general contractor, and not Groninger, individually.
Under these facts, the appeal cannot lie under either rule 9.030(b)(1)(A) or 9.110(k). Rule 9.030(b)(1)(A) merely authorizes appeals from final orders; rule 9.110(k) authorizes appeals from partial summary judgments under certain circumstances. That rule provides:
(k) Review of Partial Final Judgments. Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition. (emphasis added)
See also Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904 (1945); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980); Pena v. Tampa Federal Savings and Loan Ass'n, 363 So.2d 815 (Fla. 2d DCA 1978).
But piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974). Only where a separate and distinct cause of action is pleaded which is not interdependent with the other pleaded claims, should it be appealable if dismissed with finality at the trial level. Mendez; Patterer v. Builders Supply House, Inc., 634 So.2d 796 (Fla. 3d DCA 1994); Clermont Builders Supply, Inc. v. General Construction & Design, Inc., 423 So.2d 518 (Fla. 5th DCA 1982). As noted in Altair Maintenance Services, Inc. v. GBS Excavating, Inc., 655 So.2d 1281 (Fla. 4th DCA 1995), an appeal is premature where an *1027 order deals with the same transaction, and the parties are involved in counts which are undisposed. The test to determine whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts. Altair Maintenance.
First it must be noted that Groninger has not been entirely eliminated from the lawsuit in this case. The Lemons' complaint included eleven counts. Five counts were against Groninger individually, four of which were duplicative of counts against the corporation, and which pertained to claims arising from acts of the general contractor.[2] The fifth count (Count XI) was for fraud and alleged that Groninger had committed fraud "acting in his individual capacity."
Because the orders appealed from dismiss Groninger from claims arising from the acts of the general contractor, and Count XI involves Groninger in his individual capacity, Groninger remains a party to the lawsuit. In addition, Count XI is interrelated with the other counts, all of which arise from common facts surrounding a single transaction: the contract to build the Lemons' residence transaction.
This appeal must therefore be dismissed. Mendez; Altair Maintenance; Patterer; Clermont Builders.
DISMISSED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Subsequently, on January 20, 1998, as a result of a motion to rehear brought by the Lemons, a third order was issued in which the trial court stated:

To clarify the court's earlier ruling on the motion for partial summary judgment, it is ORDERED AND ADJUDGED:
The parties to the construction contract in this case were Chester E. Lemon and Gigi Lemon and South-Groninger Homes, Inc. n/k/a K. Groninger Homes, Inc. This ruling is made after consideration of the ambiguity as to the parties to the construction contract, latter clarified by the provisions of the loan agreement entered into between the parties in this case. (See paragraph 2 of that agreement between the bank, the Lemons and South-Groninger Homes, Inc. wherein it states that in the event of a conflict between the loan agreement and the construction contract, the loan agreement shall take precedence.)
[2] Those counts were: breach of contract, reformation, accounting and fraud in the inducement.