757 So.2d 1215 (2000)
Richard P. DALOLA and Margaret V. Dalola, Appellants,
v.
Valerie P. BARBER, et al., Appellees.
No. 5D00-64.
District Court of Appeal of Florida, Fifth District.
March 10, 2000.
*1216 Stephan W. Carter, Winter Park, and Hae J. Kim of Wooten, Honeywell & Kest, P.A., Orlando, for Appellants.
David C. Knapp of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for Appellee Government Employees Insurance Company.
DAUKSCH, Judge.
Appellants, Richard and Margaret Dalola, appeal a final declaratory judgment in favor of appellees, Valerie Barber, Devrie Paradowski and Government Employee Insurance Company (GEICO), in a car accident case.
The declaratory judgment action was part of a multicount complaint containing other counts for negligence, loss of consortium and underinsured motorist benefits. Margaret Dalola brought an action for declaratory judgment against GEICO alleging that it had failed to comply with section 627.727(6)(b), Florida Statutes (1997). This statute contains settlement guidelines for the injured party and the underinsured motorist insurer. Dalola alleged that she had received a written settlement offer from Barber and Paradowski, that she had asked GEICO for permission to settle and that it had refused to approve the offer and to tender the amount offered. Because the Second District Court of Appeal, in State Farm Mut. Aut. Ins. Co. v. Hassen, 650 So.2d 128 (Fla. 2d DCA 1995), approved, 674 So.2d 106 (Fla.1996), had determined that section 627.727(6), Florida Statutes (Supp.1992) was unconstitutional as applied to its case, Dalola alleged that she was in doubt as to her rights under section 627.727(6)(b). Accordingly, she requested a judicial declaration that she could accept the settlement offer without prejudicing her claim to underinsured motorist benefits. The Dalolas later filed a motion for partial summary judgment as to Margaret Dalola's declaratory judgment action.
GEICO filed a motion to dismiss the declaratory judgment action on the ground that section 627.727(6)(b) was unconstitutional. Following a hearing, the trial court entered a final declaratory judgment in which it granted GEICO'S motion to dismiss. Relying upon Hassen, the court found that section 627.727(6)(b) was unconstitutional and that GEICO did not have to comply with the statutory settlement guidelines. Accordingly, the court found that the Dalolas were not authorized to accept the settlement offer "since they do so at the peril of waiver of their right to underinsured motorist benefits if a showing of prejudice is later made by GEICO."
The Dalolas appealed the trial court's order after which this court issued an order to show cause why the appeal should not be dismissed based upon their appeal of a non-final, non-appealable order which merely granted a motion to dismiss but failed to dismiss the proceeding below. The Dalolas filed a response to this court's order in which they argued that the order appealed was final because the trial court had ruled on the merits of the action and the judicial labor was at an end.
We find that the order appealed is not appealable because it does not dispose of the case as to GEICO. A partial final judgment is appealable if it completely disposes of a case as to any party. Fla. R.App. P. 9.110(k). In this case, however, the Dalolas still have unresolved claims against GEICO for underinsured motorist benefits and loss of consortium.
Piecemeal appeals are not allowed for claims that are legally interrelated and which substantively involve the same transaction. See Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1 (Fla.1974); Lemon v. Groninger, 708 So.2d 1025 (Fla. 5th DCA 1998). In Lemon, this court said:
Only where a separate and distinct cause of action is pleaded which is not interdependent with the other pleaded claims, should it be appealable if dismissed with finality at the trial level. [citations omitted].
*1217 Id. at 1026. Relying upon Altair Maintenance Services, Inc. v. GBS Excavating, Inc., 655 So.2d 1281 (Fla. 4th DCA 1995), this court further held that
an appeal is premature where an order deals with the same transaction, and the parties are involved in counts which are undisposed. The test to determine whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts. Altair Maintenance.

Lemon, 708 So.2d at 1026-1027.
Margaret Dalola's declaratory judgment action arises from the same set of facts as her claims for underinsured motorist benefits and loss of consortium. Thus, this appeal is premature and should not be resolved until a final disposition as to all claims.
APPEAL DISMISSED.
COBB and THOMPSON, JJ., concur.