915 So.2d 723 (2005)
Ward L. HUET and Joan Huet, Appellants,
v.
MIKE SHAD FORD, INC., etc., et al., Appellees.
No. 5D05-680.
District Court of Appeal of Florida, Fifth District.
December 2, 2005.
*724 Christopher L. Casey and H. Keith Thomerson, of Hinshaw & Culbertson, Jacksonville, for Appellant.
George K. Brew, of Brew & Harper, PL, Jacksonville, for Appellee Mike Shad Ford.
SHARP, W., J.
The Huets appeal from the trial court's order which dismissed their third party complaint against Mike Shad Ford, Inc., with prejudice. The Huets, the defendants in this automobile negligence action, filed the third party complaint for indemnity, contribution and equitable subrogation on the theory that Mike Shad Ford may be liable for some of the plaintiffs' damages. We agree the third party complaint was properly dismissed and accordingly affirm. However, we write to point out that this dismissal does not preclude the Huets from filing a later separate and independent equitable subrogation action against Mike Shad Ford, should the circumstances then be appropriate.
In the main complaint in this case, the plaintiffs Hillary and Andre Tromp alleged that on January 27, 2003, Hillary Tromp was driving her van in St. Augustine when she was involved in a collision with a vehicle, which was owned by Joan Huet and negligently driven by Ward Huet. The complaint sought damages for bodily injury, property loss for the Tromps' vehicle, and loss of consortium.
The Huets filed an answer denying the relevant allegations of the complaint and asserted numerous affirmative defenses. The Huets also filed a third party complaint against Mike Shad Ford. The Huets alleged the Tromps had filed suit against them seeking to recover for, among other things, damage to the Tromps' vehicle and for the loss of use of *725 that vehicle. The Huets further alleged Mike Shad Ford repaired the vehicle after the accident but failed to do so in a proper and timely manner,[1] and by such actions had caused damage to the vehicle for which the Tromps were seeking to hold the Huets liable.
In count one, the Huets claimed they were entitled to common law indemnity from Mike Shad Ford. The Huets alleged they were without negligence regarding the improper repair of the vehicle and so any damages complained of by the Tromps were solely caused by the negligence of Mike Shad Ford.
In count two, the Huets sought contribution from Mike Shad Ford. The Huets alleged that if they are deemed liable to the Tromps for any damages arising from the damage to or loss of use of the vehicle, they are entitled to recover from Mike Shad Ford the amount of damages that are adjudged to be due in excess of the Huets' pro rata share of liability, pursuant to section 768.31, Florida Statutes.[2]
In count three, the Huets sought recovery from Mike Shad Ford based on equitable subrogation. The Huets claimed that to the extent they are held liable for damages caused by Mike Shad Ford's negligence, the payment of such amount is properly the obligation of Mike Shad Ford.
Mike Shad Ford moved to dismiss the third party complaint on the basis that it failed to allege sufficient ultimate facts necessary to state a cause of action for indemnity, contribution and/or equitable subrogation. At the hearing on this motion, the Huets' counsel acknowledged they filed the third party complaint simply to preserve their right to recover any amounts that may be awarded to the Tromps arising from improper repairs. A few days after the trial court dismissed the third party complaint, the Huets admitted to liability for causing the accident but did not admit to damages.
The purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. The trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations. It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them. The question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested. Fox v. Professional Wrecker Operators of Florida, Inc., 801 So.2d 175 (Fla. 5th DCA 2001).
When reviewing an order determining the sufficiency of a complaint, we must apply the same principles as the trial court. Fox. Because the determination whether a complaint sufficiently states a cause of action resolves an issue of law, an order granting a motion to dismiss is reviewable on appeal by the de novo standard of review. Sobi v. Fairfield Resorts, Inc., 846 So.2d 1204 (Fla. 5th DCA 2003); Fox.
*726 We conclude the trial court properly dismissed the third party complaint because the Huets, as the alleged initial tortfeasors, cannot escape liability for the repairs or loss of use of the Tromps' vehicle in this lawsuit. Based on the allegations in the third party complaint, the Huets are being sued as the initial tortfeasors in causing the accident and Mike Shad Ford is a subsequent tortfeasor. In Florida, generally the initial tortfeasor is held liable for the negligent acts of subsequent tortfeasors. Insurance Co. of North America v. Sullivan, 475 So.2d 287 (Fla. 5th DCA 1985).
The Florida Supreme Court has held that the initial tortfeasor may not file a third-party complaint for indemnity or contribution for the alleged aggravation of the plaintiff's injuries caused by the malpractice of a physician who treated the plaintiff. Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980); Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977). As the court explained:
In Hertz, this Court held that third-party indemnity actions against subsequent tortfeasors are inappropriate. That decision was premised on the traditional doctrine that an initial tortfeasor may not benefit from his own wrong by bringing a third-party claim against a doctor whose alleged malpractice aggravated the victim's injuries. Our concern was that such third-party claims would hamper the litigation process for the aggrieved victim by attaching "a complex malpractice (case) in order to proceed with a simple personal injury suit."... Allowing such expansion would foreclose the victim's ability to control the nature and course of the suit.
Underwriters, 382 So.2d at 703-704.
Although the initial tortfeasor may not file a third party complaint for indemnity or contribution, the court observed the tortfeasor is not without a remedy:
Having noted in Hertz that the doctrines of indemnity and contribution among subsequent tortfeasors are not cognizable under Florida law, we turn to subrogation. Subrogation is an equitable doctrine whereby the initial tortfeasor/defendant is placed "in the shoes" of the plaintiff.... It is a legal device "founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another ..."
An action brought in subrogation would eliminate the concerns noted in Hertz. A subrogation suit is a separate, independent action against a subsequent tortfeasor by the initial tortfeasor. The injured party, having received full compensation for all injuries, is not a party to the litigation and is spared the trauma of an extensive malpractice trial. The initial tortfeasor is simply trying to recoup his losses that in fairness should be shared with a negligent doctor. Under this doctrine the financial burden is equitably apportioned among the responsible parties, and negligent doctors can no longer escape liability for their actions. (citations omitted)
Id. at 704.
While Hertz and Underwriters involved medical malpractice allegedly committed by the subsequent tortfeasor, this principle is equally applicable to Mike Shad Ford's alleged negligence in repairing the Tromps' vehicle. The Huets are alleged to be the initial tortfeasors and as such, are liable for all the Tromps' damages. If the Tromps' recovery includes damages attributable to Mike Shad Ford for improper repairs, the Huets' remedy is to file a separate and independent action for equitable *727 subrogation action against Mike Shad Ford. See Caccavella v. Silverman, 814 So.2d 1145 (Fla. 4th DCA 2002), rev. dismissed, 860 So.2d 976 (Fla.2003) (when an initial tortfeasor is held liable for the entirety of the plaintiff's damages, his remedy is an action for equitable subrogation against the subsequent tortfeasor); Barnes v. Meece, 530 So.2d 958 (Fla. 4th DCA 1988) (defendant in personal injury action has available the recourse of a separate and independent action for subrogation against the subsequent tortfeasors in the event he is held liable; this cause is available even though it may not be pursued as a third party claim in the original personal injury suit).
We recognize that in Insurance Company of North America v. Sullivan, 475 So.2d 287 (Fla. 5th DCA 1985), this court suggested that a third party claim for subrogation in some situations may promote judicial economy. In that case, the plaintiff filed a lawsuit against the alleged initial tortfeasor (a city) and a lawsuit against the alleged subsequent tortfeasors (health care providers) and the two cases were consolidated for discovery. The city filed a third party claim against the health care providers for equitable subrogation which was struck by the trial court. The city petitioned for a writ of certiorari alleging that in the interest of judicial economy, the third party claim should be allowed.
This court acknowledged that if the plaintiff's claim against the city for the alleged initial injury and the plaintiff's claim against the health care providers for the alleged subsequent injury were consolidated for trial, it would promote judicial economy to allow the city's subrogation claim to be presented as a third party claim. Then one jury could determine fault, liability and damages as to both negligence claims and apportion the damages as to liability on the negligence claims and the subrogation claim.
However, because the two cases had not been consolidated for trial and the issues had not been presented to, or considered by the trial court, this court held that the trial court's order striking the City's third party claim did not depart from the essential requirements of law and denied the writ of certiorari.
In this case, the Tromps have sued only the Huets, the initial tortfeasors, and not Mike Shad Ford, the alleged subsequent tortfeasor. There is no procedural context in which the considerations of judicial economy factors suggested in Insurance Company of North America is appropriate. Rather, it appears that permitting the Huets to interject the vehicle repair issue into the Tromps' lawsuit at this point would only serve to delay this action and would not promote judicial economy.
AFFIRMED.
PLEUS, C.J., and SEMENTO, L.J., Associate Judge, concur.
NOTES
[1] Specifically, the third party complaint alleges Mike Shad Ford was requested to perform repairs to the vehicle without any admission of fault or negligence by the Huets, agreed to perform repairs to the vehicle, assumed a duty to perform the repairs in a timely and workmanlike manner and breached this duty by failing to timely and properly repair the vehicle.
[2] The "Uniform Contribution Among Tortfeasors Act."