LARUE, T., Associate Judge.
This appeal arises out of orders dismissing with prejudice Appellants’ second and third amended complaints. Because this court reverses the trial court’s dismissal with prejudice on counts I, III, V, VII, VIII and IX, it is unnecessary to address the third amended complaint. As addressed herein, we affirm in part and reverse in part.

Facts

Appellee, Continental Country Club (Association) is a homeowners association, and the individual Appellees were members of this Association. Appellants, Russell Nero and Gail Skutt, were officers of the Association. When the Appellants were removed by the Association from their positions as officers, they brought suit against the Association, asserting that they were wrongfully removed. They also sued the individual Appellees alleging they had inappropriately distributed recall petitions which were later used by the Association for the removal of Appellants.
In 2003, Appellees Guardado and Dewey distributed a petition to have Appellants recalled from their positions on the Board of Directors of the Association. Guardado and Dewey posted a notice of a special meeting for voting members of the Association to finalize the recall. A meeting was held, and Appellants were recalled from their positions by the Association, based upon the written agreements of the members.
Appellants filed an initial complaint which was dismissed. Subsequently, they filed an amended and second amended complaint. The trial court dismissed counts I through IX of the second amended complaint with prejudice, but allowed leave to amend count X. A third amended complaint was filed which stated only one count for declaratory relief, and the trial court dismissed it with prejudice as moot. Jurisdiction
Pursuant to rule 9.030(b)(1), Florida Rules of Appellate Procedure, this court has jurisdiction to review “final orders, not directly reviewable” by another court and non-final orders enumerated in rule 9.130(3)(A)-(D). An order is considered final if it “disposes of the cause on its merits leaving no questions open for judicial determination except for the execution or enforcement of the decree if necessary.” Welch v. Resolution Trust Corp., 590 So.2d 1098, 1099 (Fla. 5th DCA 1991). Furthermore, when an order dismisses only part of a complaint leaving claims that are related to the same transaction and the same parties, the order is considered to be non-final and not directly appealable. See Id. (citing North Indialantic Homeowners Ass’n v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980)); see also McLeod v. Barber, 764 So.2d 790, 793 (Fla. 5th DCA 2000).
The test to determine “ ‘whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories *267 or additional facts are involved in separate counts.... '" Dalola v. Barber, 757 So.2d 1215, 1217 (Fla. 5th DCA 2000) (citing Lemon v. Groninger, 708 So.2d 1025, 1026-27 (Fla. 5th DCA 1998)). The first nine counts of the second amended complaint arose from the same set of facts as the declaratory judgment action so that an appeal of the dismissal of the second amended complaint would have been premature while the declaratory judgment was still pending. Id. Therefore, the appeal was timely filed following the dismissal of the third amended complaint; hence, this court has jurisdiction to review the dismissal with prejudice of both the second and third amended complaints.

Standard of Review

Whether a complaint sufficiently states a cause of action resolves an issue of law. Thus, an order granting a motion to dismiss is reviewable on appeal by a de novo standard of review. See Huet v. Mike Shad Ford, Inc., 915 So.2d 723, 725 (Fla. 5th DCA 2005).
A motion to dismiss requests “the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal.” Huet, 915 So.2d at 725. In making its decision, the trial court may not look beyond the four corners of the complaint, and should make all reasonable inferences in favor of the pleader and accept as true all well-pleaded allegations. Id. The trial court should not determine whether the allegations are true or whether the pleader will be able to prove the allegations. Rather, the trial court must decide whether the pleader would be entitled to the relief requested. Id.

Second Amended Complaint

We now address each count raised in the second amended complaint to determine if Appellant sufficiently stated a cause of action. The following counts sought attorney fees, costs, statutory damages, if any, and other relief as deemed just and proper.

Count I

Count I alleged that the Association violated section 617.0808, Florida Statutes (2003) by removing the Appellants from their officer positions without a majority vote or agreement in writing. Section 617.0808 addresses the procedure for the removal of directors if such procedure is not contained in the bylaws. The statute imparts that a director can be removed with or without cause by a majority of the membership. Section 617.0808(3) requires a separate vote or separate written agreement for each of the directors to be removed.
Count I specifically alleged that “a majority of all members of the [Association] did not vote or agree in writing to remove [Appellants] as directors.” If a majority vote was not achieved, then the recall procedure was defective, and the Association would be liable for ratifying the recall. Therefore, Appellant’s claim that the Association violated section 617.0808(3) sets forth a cause of action, and the trial court erred in dismissing the count. See Romero v. Shadywood Villas Homeowners Ass’n, Inc., 657 So.2d 1193, 1194, 1196 (Fla. 3d DCA 1995) (reversed the trial courts dismissal for failure to state a cause of action because the homeowners association was required to comply with both sections 617.1605 and 617.303(4)(i)).

Counts II, TV and VI

In counts II, TV and VI the Appellants alleged that Guardado and Dewey, as individuals, violated the same statutes and bylaws discussed in counts I, III and V. The Association is the proper party to this *268 action because a not-for-profit corporation provides insulation for the members, directors and officers from liability in their individual capacities unless there is some showing of fraud, criminal activity, self-dealing or unjust enrichment. Sonny Boy, L.L.C. v. Asnani, 879 So.2d 25, 28 (Fla. 5th DCA2004).
Inasmuch as it was the Association that removed the Appellants, and as there were no allegations of fraud, criminal activity, self-dealing or unjust enrichment, the trial court correctly concluded that there is no cause of action stated in counts II, IY and VI against the individual members.

Count III

Count III alleged that the Association violated Article V, section 9(b) of the Bylaws. This bylaw sets forth that a majority vote of all voting members is required to remove a director from the Board of Directors. Article V also references Article VII, Section 5 titled “Removal.” That section reads in relevant part:
Any director may be removed from the Board of Directors, with or without cause, by the vote or agreement in writing by a majority of the Voting Members.
The bylaws cited essentially adopt the same requirement as section 617.0808 referenced in count I. The claim made by the Appellants in this count is that the Association did not have a majority of votes when it removed them. If the Association did not obtain the vote of a majority of the voting members to remove Appellants, then the Association violated the aforementioned bylaws and the removal of the Appellants as directors was defective. Accordingly, count III stated a cause of action, and the trial court’s dismissal of this count was erroneous.

Count V

Appellants alleged that the Association violated section 617.0701(4), Florida Statutes (2003). The statute allows the members of the Association to take action based on written agreements without a meeting if certain requirements are met. The statute requires, among other things, that properly dated and signed member agreements are to be delivered to the Association and filed with the minutes. In addition, ten days notice of the action to be taken is required for the members who did not sign agreements. In count V the Appellants alleged the following: 1) the recall petition did not properly describe the action to be taken; 2) the petition was not dated and signed by a sufficient number of members; 3) the Association did not file the petition with the minutes; 4) despite the failure to file the petition, the Association removed the Appellants as directors; and 5) the Association failed to give ten days notice of any action taken by written agreement as required by section 617.0701(4)(c). If the allegations contained in the complaint are taken as true, it appears that the procedure to remove the Appellants from office did not comply with section 617.0701(4). Therefore, the trial court erred in dismissing count V because it stated a cause of action.

Count VII

Count VII alleged that the Association violated section 720.303(4), Florida Statutes (2003). This statute requires homeowner associations to maintain minutes of meetings for seven years. The Appellants claimed that the Association did not maintain proper minutes or file minutes of the December 4, 2003 meeting at which Appellants were removed as officers. Based on the information contained within the four corners of the complaint, and viewed in the light most favorable to
*269 Appellants, Count VII stated a cause of action. Accordingly, we conclude that the trial court erred in dismissing this count.

Count VIII

Count VIII asserted that the Association violated Article XXIII of the Bylaws. Article XXIII fundamentally emulates the requirements enumerated in section 720.303(4) regarding the preparation, filing and preservation of minutes. If Appellant’s allegations are taken as true, then as with count VII, the Appellants stated a cause of action, and the trial court erred when it dismissed count VIII of the second amended complaint.

Count IX

Count IX alleged that the Association violated section 720.303(5), Florida Statutes (2003). The statute requires an association to give members the opportunity to inspect and copy official records of the association. Furthermore, the statute articulates a penalty for an association that fails to comply with a written request:
A member who is denied access to official records is entitled to the actual damages or minimum damages for the association’s willful failure to comply with this subsection. The minimum damages are to be $50 per calendar day up to 10 days, the calculation to begin on the 11th business day after the receipt of the written request.
Section 720.303(5)(b). The complaint averred that the Association denied access to and the inspection of the recall petition or other documents used to remove the Appellants, despite several requests. Appellants requested statutory damages and an order requiring the Association to comply with the statute and provide the records for inspection. Therefore, if the allegations of the complaint are true, Appellants stated a cause of action under section 720.303(5). See Greenacre Props., Inc. v. Rao, 933 So.2d 19 (Fla. 2d DCA 2006) (cause of action would be maintainable against the homeowners association for a violation of 720.303(5)). For that reason, the dismissal of count IX was improper.

Third Amended Complaint

The third amended complaint was dismissed with prejudice by the trial court in an Order issued on March 7, 2006. The trial court described the third amended complaint as essentially seeking the same relief as counts I through IX of the second amended complaint, which had by that time been dismissed with prejudice. As mentioned above, because this court has dealt herein with the second amended complaint in reversing the ruling of the trial court as to counts I, III, V, VII, VIII and IX, it is unnecessary to address the third amended complaint.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
PALMER, C.J., and SAWAYA, J„ concur.