DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**4040 IBIS CIRCLE, LLC** and **SHLOMO RASABI,**
Appellants,

v.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** and **WAMU
INSURANCE SERVICES, INC.,**
Appellees.

No. 4D14-2601

[April 27, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John J. Hoy, Judge; L.T. Case No. 50 2009 CA 019696 XXXX MB AW.

Matthew R. Simring, Cooper City, for appellants.

Kimberly S. Mello and Jonathan S. Tannen of Greenberg Traurig, P.A., Tampa, and Michele L. Stocker of Greenberg Traurig, P.A., Fort Lauderdale, for appellee JPMorgan Chase Bank, National Association.

PER CURIAM.

In this foreclosure case, the defendants/counterplaintiffs appeal the dismissal of their counterclaims. We affirm in part and dismiss in part.

JPMorgan Chase brought this foreclosure action in 2009 against 4040 Ibis Circle, LLC and Shlomo Rasabi (the "Borrowers"). The Borrowers filed their answer, affirmative defenses, and two counterclaims for breach of contract and defamation. The Borrowers alleged that Chase's predecessor, Washington Mutual Bank ("WaMu") improperly purchased force-placed insurance on the property and created an impound/escrow account with a deficit exceeding $15,000 (the price of the insurance). WaMu then allegedly misapplied the Borrowers' principal and interest payments to pay down the escrow account.

The Borrowers alleged that when Chase acquired the loan, it exacerbated the problem by increasing the deficit in the impound/escrow account for the payment of property taxes that had already been paid.

According to the Borrowers, this misallocation of principal and interest, first by WaMu and then by Chase, created a "phantom default."

In 2014, the Borrowers filed an amended answer, including nine counterclaims.[1] By this pleading, the Borrowers set forth additional facts in a section entitled "Illegal Force-Placed Insurance Scheme." The "Scheme" is defined as:

> The unconscionable above-market premiums, undisclosed commissions, and illegal kickbacks in the nature of reinsurance premiums and subsidized administrative services.

Chase moved to dismiss all of the Borrowers' counterclaims with prejudice. After a hearing, the trial court granted the motion. While Chase's foreclosure claim remains pending in the circuit court, the Borrowers brought this appeal from the dismissal of their counterclaims.

We raise *sua sponte* the jurisdiction of this appellate court. This court has jurisdiction to review *final* orders. Fla. R. App. P. 9.030(b)(1)(A). "An order is considered final if it 'disposes of the cause on its merits leaving no questions open for judicial determination except for the execution or enforcement of the decree if necessary.'" *Nero v. Cont'l Country Club R.O., Inc.*, 979 So. 2d 263, 266 (Fla. 5th DCA 2007) (quoting *Welch v. Resolution Tr. Corp.*, 590 So. 2d 1098, 1099 (Fla. 5th DCA 1991)). The order dismissing the Borrowers' counterclaims is not considered a "final order" because it does not dispose of the cause on the merits—rather, Chase's foreclosure claim is still pending in the trial court. *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974).

The appellate court may exercise jurisdiction where the trial court's dismissal of a counterclaim "adjudicates a distinct and severable cause of action." *Id.* at 100; *accord Agriesti v. Clevetrust Realty Inv'rs*, 381 So. 2d 753, 753–54 (Fla. 4th DCA 1980). By definition, a permissive counterclaim does not arise out of the transaction or occurrence that is the subject matter of the main claim. Fla. R. Civ. P. 1.170(b). As such, if this court finds that a counterclaim is permissive, then the partial final judgment

---

[1] (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Unconscionability; (4) Violation of the Florida Civil Remedies for Criminal Practices Act (FCRCPA); (5) Conspiracy to Violate the FCRCPA; (6) Violation of the Florida Unfair Insurance Trade Practices Act (FUITPA); (7) Conspiracy to Violate the FUITPA; (8) Defamation *per se*; and (9) Violation of the Florida Consumer Collection Practices Act (FCCPA).

adjudicating the counterclaim is immediately appealable.  On the other hand, if this court finds that a dismissed counterclaim is compulsory, then the order dismissing the counterclaim is "not appealable until a final disposition of the original cause has [been] obtained on the merits." *Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A.*, 621 So. 2d 507, 509 (Fla. 2d DCA 1993).

Compulsory counterclaims bear a "logical relationship" to the plaintiff's claims in that they arise out of the "same aggregate of operative facts as the original claim." *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992) (quoting *Neil v. S. Fla. Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981)).  We find that the Borrowers' counterclaims for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Unconscionability, Violation of the FCRCPA, Conspiracy to Violate the FCRCPA, Defamation *per se,* and Violation of the FCCPA are compulsory. As pled, each of these counterclaims bears a logical relationship to the foreclosure claim.[2]  Having found these counterclaims compulsory, we dismiss the appeal as to these counterclaims *without prejudice* for lack of jurisdiction.

We find that the Borrowers' two counterclaims based on violation of the Florida Unfair Insurance Trade Practices Act are permissive.  These claims are based on allegations that Chase's predecessor participated in a force-placed insurance scheme.  The "purchase of insurance at above-market premiums, undisclosed commissions, and illegal kickbacks" constitutes separate and distinct activity that does not arise out of the "same aggregate of operative facts" as the acts giving rise to the foreclosure.  *Id.* (quoting *Neil,* 397 So. 2d at 1164).  We find that the order dismissing the Borrowers' permissive counterclaims was a final order adjudicating distinct and severable causes of action.  As such, this court has jurisdiction to reach the merits of the dismissal of these permissive counterclaims.

On the merits, we hold the trial court properly dismissed the Borrowers' FUITPA counterclaims because they were not timely filed.  The statute of limitations to bring an action under the FUITPA is four years.  § 95.11(3)(f), Fla. Stat. (2014).  The facts giving rise to the Borrowers' FUITPA claims occurred between 2005 and 2008, and the Borrowers did not plead their FUITPA claims until 2014.  Thus the four-year statute of limitations bars the Borrowers' FUITPA counterclaims as a matter of law.  We affirm the

---

[2]  Each of these claims are related to the mortgage, creation of the impound/escrow account, and the diverting of the Borrowers' principal and interest payments into that account which allegedly resulted in the phantom default and improper acceleration of the debt.

trial court's dismissal of the Borrowers' FUITPA counterclaims as barred by the statute of limitations.

*Dismissed in part, Affirmed in part, and Remanded.*

STEVENSON, MAY and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

4