DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**APRIL L. YOUNG,**
Appellant,

v.

**NEW RESIDENTIAL INVESTMENT CORPORATION** f/k/a
**DITECH FINANCIAL LLC,** and **NEWREZ, LLC** d/b/a
**SHELLPOINT MORTGAGE SERVICING, LLC,**
Appellees.

No. 4D21-2579

[May 31, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge, Judge; L.T. Case No. CACE19006695.

Jeffrey M. Liggio of Liggio & Cornell, West Palm Beach, Geoffrey Stahl of Gordon & Partners, P.A., Palm Beach Gardens, and Philip M. Burlington and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellees.

*CORRECTED OPINION ON APPELLEES' MOTION FOR CLARIFICATION*

PER CURIAM.

We grant the appellees' motion seeking clarification, withdraw our prior opinion, and replace it with this corrected opinion.

In this appeal, the appellant April L. Young (Young) challenges the trial court's March 2021 and August 2021 orders dismissing her causes of action against the appellees New Residential Investment Corporation (New Residential) and New Rez LLC d/b/a Shellpoint Mortgage Servicing, LLC (Shellpoint) in the foreclosure proceedings initiated by Ditech Financial LLC (Ditech). During the pendency of the foreclosure proceedings, New Residential acquired Ditech's entire mortgage business, including the promissory note and mortgage executed by Young in favor of Ditech's

predecessor-in-interest. Shellpoint then serviced the note on behalf of New Residential. We conclude that we lack jurisdiction to consider the merits of certain issues raised by Young in this appeal, and that those issues over which we have jurisdiction lack merit.

Young argues in this appeal that the trial court committed reversible error by dismissing her: (1) Florida Consumer Collection Practices Act (FCCPA) cause of action against Shellpoint; (2) equitable accounting cause of action against both New Residential and Shellpoint; and (3) contractual causes of action against both New Residential and Shellpoint. The trial court's March 2021 order dismissed Young's FCCPA cause of action against Shellpoint, and the equitable accounting cause of action against both New Residential and Shellpoint. The August 2021 order dismissed the contractual causes of action against both New Residential and Shellpoint.

We affirm the trial court's dismissal of Young's causes of action against Shellpoint without further comment. However, we lack jurisdiction to review the trial court's dismissal of Young's equitable accounting and contractual counterclaims against New Residential because those causes of action are compulsory to the main foreclosure claim which remains pending in the trial court. Neither the March 2021 nor August 2021 orders can be considered partially final either with respect to the "entire case" as to New Residential as a party, or with respect to the causes of action asserted against New Residential, because those causes of action are "interdependent with" and not "separate and distinct" from "other pleaded claims" not yet adjudicated—namely, the main foreclosure claim. *See* Fla. R. App. P. 9.110(k) (only partial judgments that dispose of "an entire case as to any party," or "a separate and distinct cause of action that is not interdependent with other pleaded claims," are immediately appealable prior to entry of "the final judgment in the entire case"); *see also 4040 Ibis Circle, LLC v. JPMorgan Chase Bank*, 193 So. 3d 957, 960 (Fla. 4th DCA 2016) (borrowers' counterclaims against holder of note and mortgage for breach of contract and breach of the implied covenant of good faith and fair dealing were compulsory in nature to main foreclosure action such that order dismissing counterclaims, without any accompanying final adjudication of main foreclosure claim, was not immediately appealable as partial final judgment).

We therefore dismiss this appeal to the extent Young seeks review of the March 2021 and August 2021 orders dismissing her equitable accounting and contractual causes of action against New Residential, without prejudice to Young's ability to challenge these orders in any

plenary appeal from the trial court's final judgment on the main foreclosure claim. In all other respects, we affirm the orders on review.

*Dismissed in part, affirmed in part.*

WARNER, CIKLIN and ARTAU, JJ., concur.

\* \* \*

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***