# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-2188
LT Case No. 2019-10302-CIDL

———————————————

ROBERT J. SANCHEZ AND CARRIE
SANCHEZ,

    Appellants,

    v.

VOLUSIA COUNTY, FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Volusia County.
Randell H. Rowe, III, Judge.

Ronald A. Hertel, of Hertel Legal PLLC, Ormond Beach, for
Appellants.

Thomas R. Brown, III, Senior Assistant County Attorney,
DeLand, for Appellee.

October 6, 2023

PER CURIAM.

    Robert and Carrie Sanchez appeal the trial court's Order
Denying Defendants' Motion to Vacate Order Granting Summary
Judgment and Final Judgment of Foreclosure and Order to Show
Cause Directed to Plaintiff. We dismiss for lack of jurisdiction.

## Procedural History

On March 7, 2019, Volusia County filed its Amended Complaint to Foreclose Code Enforcement Lien against Sanchez in the Seventh Judicial Circuit. According to the complaint, Sanchez failed to bring the subject property into compliance with the County Code of Ordinances and failed to pay debts accrued under the resulting lien amounting to $548,000.

Sanchez counterclaimed and filed four affirmative defenses, including the only defense relevant here: setoff. After a hearing on a motion to strike by Volusia County, the trial court struck all affirmative defenses, but noted, "[T]his setoff defense will be reinstated in the event that any portion of the now dismissed Counterclaim should be reinstated after the appeal," since it was stricken for mootness.

Following dismissal of Sanchez's affirmative defenses, Volusia County filed a cross-motion for summary judgment in its favor. A hearing was held on the motion December 9, 2020, and the trial court entered an order granting it on December 14, 2020. Sanchez appealed the order to this Court. On appeal, Sanchez challenged the dismissal of his first affirmative defense, which was affirmed without discussion, but did not challenge the dismissal of the setoff defense. Sanchez also challenged the dismissal of his counterclaim, which this court reversed in a per curium decision.

On remand, Sanchez moved to reinstate his affirmative defense and to vacate the order granting summary judgment and final judgment of foreclosure. The trial court denied the motion to vacate its order granting summary judgment and final judgment of foreclosure. The trial court noted in its order that the summary judgment had not been disturbed on appeal.

Sanchez appeals that order.

## Jurisdiction

At the outset, Volusia County makes a straightforward case that this court does not yet have jurisdiction to hear this case. Volusia claims that because there are compulsory counterclaims

2

remaining in the case, it is not yet final. A compulsory counterclaim is not appealable until final disposition of the original action. *4040 IBIS Circle, LLC v. JPMorgan Chase Bank*, 193 So.3d 957, 960 (Fla. 5th DCA 2016). Volusia's counterclaim argument seems to be more aptly directed to appealability of the trial court's original dismissal of Sanchez's counterclaims. That issue has already been decided by this court. *Sanchez v. Cnty. of Volusia*, 331 So. 3d 853 (Fla. 5th DCA 2021).

Notably, this is not an appeal of the lower court's summary judgment—that has already been appealed and was left undisturbed by this court. *Id*. This is an appeal of the lower court's Order Denying Defendants' Motion to Vacate. Further, the motion to vacate the standalone summary judgment is premised entirely on the trial court's implicit refusal to reinstate an affirmative defense. An order denying a motion to reinstate an affirmative defense would not by itself be appealable as a nonfinal order. *See* Fla. R. App. P. 9.130. This would leave us to resolve whether the summary judgment is a standalone "partial final judgment," thus establishing jurisdiction pursuant to Rule 9.110(k), Florida Rules of Appellate Procedure. However, as we note above, this is not an appeal of the summary judgment—that has already happened. Arguably justified by the trial court's assertions or not, Sanchez chose not to challenge the striking of the setoff defense when the summary judgment was previously appealed. That summary judgment was not reversed, and this court finds that it would strain the boundaries of our jurisdiction to use Rule 9.110(k) as a vehicle for appellants to take repeated shots at the same target.

DISMISSED.

EDWARDS, C.J., WALLIS, and MACIVER, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____