# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3371
LT Case No. 2023-CA-51-A

_____

LORRAINE S. SHULTZ,

    Appellant,

    v.

RICHARD D. JOHNSON,
Individually and in His Capacity
as the Successor Trustee;
MADELEINE JOHNSON; MARC
SHULTZ; MATTHEW SHULTZ;
KIMBERLY LEMBO; and CYNTHIA
WHITE,

    Appellees.

_____

On appeal from the Circuit Court for Sumter County.
Michelle T. Morley, Judge.

Kenneth J. Manney, Melbourne, and Patrick F. Roche, Presque
Isle, WI, for Appellant.

David P. Hathaway and Tim W. Sobczak, of Dean, Mead,
Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for
Appellee, Richard D. Johnson

No Appearance for Remaining Appellees.

December 6, 2024

PER CURIAM.

This appeal addresses a daughter's claim that her brother tortiously induced their father to disown her and thereby interfere with her expectancy under her father's trust.

Donald R. Johnson created a family trust in 1996, naming himself and his wife, Shirley, as trustees and his two children, Richard and Lorraine, among the beneficiaries. Donald amended the trust in 1999 and again in 2009, designating the distribution amounts to his children and grandchildren, and providing that the remaining balance of the Trust assets would be distributed equally between his two children.

Ten years later, Donald amended the Trust for a third and final time, this time removing Lorraine as a beneficiary to the equal distribution of the remaining assets and instead, allotting her a one-time distribution of $1,000. Donald died on February 8, 2021. A few months after Donald's passing, litigation ensued in Sumter County, with Shirley, the mom and Donald's widow, filing an action to reform the Trust to which Lorraine, the daughter, responded with a counterclaim against her mother (to remove her and invalidate the final amendment to the trust) and a crossclaim against her brother (for tortious interference with her expectancy under the trust and intentional infliction of emotional distress).

Lorraine alleged that in February 2019 her brother presented their father with false text messages purportedly sent by Lorraine to his young daughter years ago that contained offensive content. Her father then confronted her about the text messages, and although Lorraine denied sending them, her father refused to have contact with her unless she confessed to sending them and threatened to oust her from the family. Lorraine contended that Richard intentionally and maliciously provided the false messages to their father to induce him to deprive Lorraine of her expectation under the trust and that her brother's "fraudulent conduct" was the proximate cause of her being "deprived of the expectation that she had had as a result of her conversation with her father that she would ultimately receive approximately $9,000,000.00 of her

2

father's wealth." Lorraine also argued that the final amendment to the Trust was a product of her brother's fraudulent conduct; on this basis, she also challenged the final amendment's validity.

The trial court granted motions to dismiss Lorraine's claims without prejudice. After successive amendments and dismissals, Lorraine ultimately dismissed her claims and filed an original complaint in Brevard County with essentially the same claims: Count I (Tortious Interference with an Expectancy), Count II (Intentional Infliction of Emotional Distress), Count III (Declaratory Judgment), and Count IV (Third Amendment Not Valid). The action was transferred back to Sumter County, where the trial court granted a motion to dismiss the complaint with prejudice.

As to Count I, the trial court found that Lorraine alleged she had an expectancy but could not meet the other three elements of the claim. *See Henry v. Jones*, 202 So. 3d 129, 132–33 (Fla. 2d DCA 2016) (noting an intentional interference with expectancy requires the existence of an expectancy, an intentional interference with the expectancy through tortious conduct, causation, and damages). As to Count IV, the trial court found that the cause of action was not viable.

The complaint, however, has minimally adequate factual allegations as to Counts I and IV to survive a motion to dismiss. *See Huet v. Mike Shad Ford, Inc.*, 915 So. 2d 723, 725 (Fla. 5th DCA 2005) (A trial court "must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations."). As noted in *Huet*, it is not for trial courts "to speculate whether the allegations are true or whether the pleader has the ability to prove them," but only to decide whether "assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested." *Id.*; *see also Berkley Ins. Co. v. Banc of Am. Cmty. Dev. Co., LLC*, 386 So. 3d 623, 625 (Fla. 2d DCA 2024) (finding a reviewing court "must take the pleaded facts as true and we are not concerned with the quality of the allegations or how they will ultimately be proved" (citation omitted)).

3

Because adequate facts were pled as to Counts I and IV, we reverse the trial court's order granting the motion to dismiss as to those two counts; we affirm in all other respects. This holding does not mean that the claims will survive summary judgment or succeed at trial, only that they are sufficiently pled at this stage to survive a motion to dismiss.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

MAKAR, JAY, and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4